1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LA TRICE E. HOLLEY

11            Plaintiff,              No. CIV S-06-2586 GEB EFB PS

12        vs.

13   COUNTY OF YOLO, et al.,

14            Defendants.            <u>ORDER</u>
     _____/

15

16        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On January 10,

18   2007, the court granted plaintiff's application to proceed *in forma pauperis*, and dismissed the

19   complaint with thirty days leave to file an amended complaint.  Upon plaintiff's request, on

20   February 21, 2007, the court granted plaintiff an additional sixty days to file an amended

21   complaint.  Those sixty days have passed, and rather than filing an amended complaint, plaintiff

22   has filed another request for an additional sixty days to file the amended complaint, and a

23   separate request to stay the action.  The problem with plaintiff's request is that her complaint has

24   been dismissed.  She has failed to file an amended complaint withing the time specified in the

25   order and has not shown good cause for yet another extension of time to file the amended

26   complaint.  In short, there is nothing to stay.

1

In her request for an extension of time, filed April 5, 2007, plaintiff refers to delays in a purportedly related criminal case currently pending in Yolo County Superior Court.  Similarly, plaintiff's April 18, 2007, request to stay this action refers to the criminal charges pending against her in state court.  In particular, plaintiff asks that this action be stayed pending resolution of those state court criminal proceedings.   In support of her request for a stay, plaintiff cites the recent Supreme Court decision, *Wallace v. Kato*, 127 S. Ct 1091 (2007).

 In *Wallace*, the Court affirmed the dismissal of petitioner's § 1983 claim for false arrest in violation of the Fourth Amendment, as barred under the applicable statute of limitations.  The Court held that the statute of limitations for such a claim, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.*, at 1100.   The Court explained that "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck*[1] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*, at 1098 (citations omitted).

Plaintiff argues that her case is analogous to *Wallace* insofar as she is pursuing a claim for false arrest under § 1983.  She argues that the resolution of the state court criminal proceedings against her should have no bearing on her ability to pursue that claim, given the ruling in *Wallace*, and that a stay is appropriate so that her claim does not become time-barred.

Plaintiff's argument fails, however, because there is no operative complaint on file.  The court is therefore unable to discern whether plaintiff is in fact asserting a claim for false arrest in violation of the Fourth Amendment pursuant to § 1983.  The court dismissed plaintiff's original

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

complaint (which totaled well over 100 pages with exhibits), in part, for plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires a short and plain statement of the claim showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).  The court directed plaintiff to file an amended complaint that complied with Rule 8.  As discussed above, plaintiff has yet to file an amended complaint.

Accordingly, plaintiff's request for stay is denied.  Although plaintiff has failed to show good cause for yet another extension of time to file an amended complaint, the court grants plaintiff an additional thirty days to file an amended complaint.  Until an amended complaint is on file, the court cannot review it and determine which cognizable claims, if any, plaintiff is actually asserting and whether or not a stay is appropriate in light of the Supreme Court's recent holding in *Wallace v. Kato*.

SO ORDERED.

DATED:  May 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE