IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LA TRICE E. HOLLEY

      Plaintiff,                      No. CIV S-06-2586 GEB EFB PS

    vs.

COUNTY OF YOLO, et al.,         <u>ORDER</u>

      Defendants.
_____/

      This case, in which plaintiff is proceeding pro se, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 21, 2007, the court granted plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. The order explained that the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

      The court dismissed the original complaint for several reasons, including failure to state a claim, inclusion of several immune defendants, and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include "a short and plain

1

statement of the claim" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). The court explicitly cautioned plaintiff against filing an amended complaint that was "prolix in evidentiary detail." *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Despite these admonishments, plaintiff has lodged a sixty-nine page amended complaint, which includes pages of conclusory allegations, voluminous factual background, and extensive briefing and argument regarding why she believes the named Yolo County prosecutors, judges and magistrate judges are not immune from suit. This is not the function of a complaint.[1]

As previously explained by the court, Rule 8(e) requires each averment of a pleading to be simple, concise, and direct. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry*, 84 F.3d at 1178.

Plaintiff appears to have disregarded the court's admonishments in this regard. For example, one basis for dismissing the original complaint was plaintiff's failure to state a claim under 42 U.S.C. § 1983 against various attorneys at the Yolo County Public Defender's Office:

> [P]laintiff fails to state a claim under § 1983 against the Yolo County Public Defender, Yolo County Public Defender Barry Melton, and Yolo County Deputy Public Defender Richard Van Zandt. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A public defender is not a state actor within the meaning of § 1983. *Polk County v. Dobson*, 454 U.S. 312, 321 (1981). Accordingly, no § 1983 action can be maintained against these defendants for their actions in defending plaintiff in the underlying criminal proceedings.

*See* Order, January 10, 2007, at 5:9-16.

Nonetheless, plaintiff includes as her first cause of action in the amended complaint a § 1983 claim against "Yolo County Public Defender Defendants." Although plaintiff may assert

---

[1] Plaintiff is advised that should this action proceed beyond this phase, plaintiff will have the opportunity to collect and present evidence in support of her claims.

2

a § 1983 claim against the head of the Public Defender's Office for constitutional deprivations resulting from application of a governmental custom or policy, *Miranda v. Clark County*, 319 F.3d 465, 469 (9th Cir. 2003), she cannot state such a claim against the individual public defenders for conduct in defending her in the underlying state court proceeding. *Polk County v. Dobson*, 454 U.S. 312, 321 (1981). Given the density of the amended complaint, the court is unable to discern the "official policy or custom" plaintiff alleges was unconstitutionally implemented or enforced by the head of the Public Defender's Office. Accordingly, plaintiff's first cause of action is dismissed with leave to amend.

The balance of plaintiff's amended complaint suffers from similar defects. For example, in retort to the court's order dismissing the original complaint, plaintiff argues that named judges, magistrate judges and prosecutors are not entitled to immunity, and submits extensive discussion and briefing on this issue. Again, prolix argumentative material is inappropriate for inclusion in a complaint. The complaint should consist of a *short and plain statement* of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2).

Plaintiff argues that these defendants are liable for various constitutional and state law torts, in part, because they allegedly acted wholly outside the scope of their authority. In brief, plaintiff alleges that she is the victim of a conspiracy that resulted in her prosecution for allegedly making fraudulent insurance claims. Plaintiff's long-term employer-funded disability benefits were terminated in 2002, after the insurer discovered plaintiff was working part-time. *See, e.g.,* FAC, at ¶ 125. The criminal charges pending against plaintiff in state court apparently relate to this alleged fraud.

Plaintiff claims that the judges, magistrate judges and prosecutors involved with these criminal proceedings are not immune from suit for constitutional and state-law torts because they were acting wholly outside their jurisdiction. More specifically, plaintiff characterizes the underlying dispute regarding her long-term disability benefits as governed solely by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., which she

argues preempts all state criminal charges against her.

While "acting clearly without jurisdiction" is an exception to the general rule of absolute judicial immunity, *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), the court has serious doubts about the applicability of this exception based on the allegations in the amended complaint.

Specifically, the court reminds plaintiff of its earlier order dismissing the original complaint and instructing plaintiff that under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to review a state court's judgment or its application of various rules and procedures, including the exercise of its jurisdiction. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). "*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment." *Doe v. Mann*, 415 F.3d 1038, 1042-43, n.6 (9th Cir. 2005) (citing *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998); *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987); *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003)).

Plaintiff's claims against the judicial defendants seem to necessarily seek this court's review of the state court's application of rules and procedures, including its determination regarding its jurisdiction to hear the criminal charges brought against plaintiff. Accordingly, plaintiff's third cause of action against defendants "Judges/Magistrates White, Johnson, Schockley, Mock, Kalustian and Lebov" is dismissed.

Complicating matters is the fact that the state court criminal proceedings against plaintiff are apparently still ongoing, and plaintiff has neither been acquitted nor convicted of the charges against her. The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), determined that a civil rights action which implicates the validity of a criminal conviction cannot be brought until the conviction or sentence has been reversed on direct appeal. *Heck* applies with equal force to bar civil rights claims which implicate the validity of pending criminal prosecutions. *See Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000) (limited, as discussed

below, by *Wallace v. Kato*, 127 S. Ct 1091 (2007)). According to plaintiff, she is still subject to pending criminal proceedings. As a general matter, "a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." *Harvey*, 210 F.3d at 1014.

Seemingly aware of these bars to suit, plaintiff filed a request to stay this action before filing the present amended complaint. The court denied plaintiff's request, because, at the time, there was no operative complaint on file, and therefore, nothing to stay. In the request, plaintiff invoked the recent Supreme Court holding in *Wallace v. Kato*, 127 S. Ct 1091 (2007), arguing that because her suit includes a claim for false arrest, it was analogous to *Wallace*, and should be stayed on that ground. The holding in *Wallace* does not support an order staying this case.

In *Wallace*, the Court affirmed the dismissal of petitioner's § 1983 claim for false arrest in violation of the Fourth Amendment as barred under the applicable statute of limitations. The Court held that the statute of limitations for such a claim, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.*, at 1100.

The Court noted that § 1983 actions sometimes accrue before the setting aside of the related criminal conviction. *Id.*, at 1089. For example, in *Wallace*, the statute of limitations on petitioner's claim for false arrest began to run at the time he appeared before the magistrate judge and was bound over for trial. *Id.*, at 1097. The Court reasoned that if petitioner had timely filed his claim for false arrest before he was convicted, the court could have stayed the action until the underlying criminal case had ended. *Id.*, at 1098. If the petitioner were then ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* would require dismissal; otherwise, the civil action would proceed, absent some other bar to suit." *Id.*, at 1098 (citations omitted). In *Wallace*, however, the statute of limitations on petitioner's false arrest claim began to run more than two years before the complaint was filed. *Id.*, at 1100.

5

Accordingly, the Court determined that the suit was "out of time." *Id.*

Plaintiff's claims for false arrest and false imprisonment are likewise untimely. It appears that plaintiff asserts these as supplemental state claims and not pursuant to 42 U.S.C. § 1983. FAC, at ¶¶ 180-186; 232-237. In California, the statute of limitations for both false arrest and false imprisonment is one year. Cal. Code Civ. Proc. § 340; *Milliken v. City of South Pasadena*, 96 Cal.App.3d 834, 840 (Cal. Ct. App. 1979) (false arrest). "A cause of action for false arrest accrues on the arrest and is actionable immediately. There is no requirement that the arrestee allege favorable termination of the criminal proceedings." *Mohlmann v. City of Burbank*, 179 Cal.App.3d 1037, 1041 (Cal. Ct. App. 1986). Under California law, the statute of limitations for false imprisonment begins to run upon the plaintiff's discharge from jail and not from the termination of the proceedings. *Milliken*, 96 Cal.App.3d at 840; *Collins v. County of Los Angeles*, 241 Cal.App.2d 451, 455 (Cal. Ct. App. 1966). Plaintiff alleges she was arrested on March 24, 2004, and released on bond on March 26, 2004. FAC, at ¶ 76. Plaintiff filed the original complaint in this action on November 17, 2006, more than two years following her arrest and release. At such time, the statute of limitations had run on both claims. Accordingly, the court will not stay the action based on the inclusion of these claims in the amended complaint. These claims are dismissed with leave to amend.

The court also dismisses with leave to amend the balance of plaintiff's claims in the amended complaint. The court is unable to discern whether plaintiff's other causes of action state a claim. For example, under the "fifth cause of action" plaintiff purports to include claims under "42 U.S.C. § 2000d and 2000d-7(A),  42 U.S.C. § 1983, 42 U.S.C. § 1985(3), the Americans with Disabilities Act, Title II, 42 U.S.C. §§ 12131-12165 . . . ERISA 510-511, 502, 42 U.S.C. § 1981, 42 U.S.C. § 1985 (2,3), 1986 and constitutional rights U.S. Const. amends. 1st, 4th, 5th, 6th, and 14th Racial and Disability Discrimination, use of excessive force, coercive interference and constitutional rights." FAC, at 49:5-7.

////

1    It is unclear exactly which claims plaintiff purports to allege in this "single" cause of
2 action.  For instance, plaintiff cites no provision of ERISA that entitles her to bring a private
3 cause of action against the Yolo County Office of the District Attorney.  Furthermore, it is
4 unclear how any of the subsequent allegations supports a claim under these statutory provisions.
5    The complaint in this action illustrates the "unfair burdens" imposed by complaints,
6 "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to
7 perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179-80.  Should plaintiff
8 choose to file a second amended complaint, she shall separately identify each claim she intends
9 to pursue, and include a "short and plain statement" of facts showing entitlement to relief under
10 each claim. Fed. R. Civ. P. 8(a).  Further, plaintiff shall exclude from the second amended
11 complaint all unnecessary evidentiary detail, and shall limit it to twenty (20) pages in length.
12    In accordance with the foregoing, IT IS ORDERED that:
13    1.  Plaintiff's amended complaint is dismissed with leave to file a second amended
14 complaint;
15    2.  Should plaintiff choose to file a second amended complaint, she shall do so within
16 thirty (30) days from the date of service of this order;
17    3.  Plaintiff is directed to read and comply with Rule 8 of the Federal Rules of Civil
18 Procedure;
19    4. The amended complaint shall be no more than twenty (20) pages in length; and,
20    5. Failure to timely file a second amended complaint consistent with this order will result
21 in a recommendation that the action be dismissed.
22 DATE:  August 16, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE