1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LA TRICE E. HOLLEY

11        Plaintiff,              No. CIV S-06-2586 GEB EFB PS

12        vs.

13   COUNTY OF YOLO, et al.,       FINDINGS AND RECOMMENDATIONS

14        Defendants.

15   _____/

16        This case, in which plaintiff is proceeding pro se, was referred to the undersigned under

17   Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  The complaint purports to assert

18   various civil rights claims against Yolo County and several prosecutors and judges and other

19   named defendants.  Currently before the court is plaintiff's third amended complaint, filed after

20   two dismissals pursuant to 28 U.S.C. § 1915.[1]

21   **I. BACKGROUND**

22        The court previously granted plaintiff leave to proceed *in forma pauperis* on February 21,

23   2007, and dismissed the original complaint with leave to amend.  That order explained that the

24   _____

25        [1] After the court's second dismissal pursuant to 28 U.S.C. § 1915 for failure to comply
with Fed. R. Civ. P. 8, plaintiff filed a second amended complaint on September 17, 2007, and a
third amended complaint on September 20, 2007.  For purposes of these findings and

26   recommendations, the court addresses the third amended complaint.

1

determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

The court dismissed the original complaint for several reasons, including failure to state a claim, inclusion of several immune defendants, and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).  The court explicitly cautioned plaintiff against filing an amended complaint that was "prolix in evidentiary detail."  *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Despite these admonishments, plaintiff lodged a sixty-nine page first amended complaint, which included pages of conclusory allegations, voluminous factual background, and extensive briefing and argument regarding why she believes the named Yolo County prosecutors, judges and magistrate judges are not immune from suit.  The court dismissed the first amended complaint, again admonishing plaintiff that Rule 8(e) requires each averment of a pleading to be simple, concise, and direct, and that even if the factual elements of the causes of action are present, but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry*, 84 F.3d at 1178.  The court granted plaintiff leave to file a second amended complaint, which plaintiff timely filed.  Shortly thereafter, she filed an unsolicited third amended complaint.  Upon review of the third amended complaint, it appears that plaintiff has again disregarded the court's admonishments regarding Rule 8, as well as other aspects of her pleading and claims.  The court cautioned plaintiff that failure to comply with the court's previous orders would result in a recommendation for dismissal pursuant to Local Rule 11-110.  For the reasons stated below, the court now recommends dismissal.

## II. THIRD AMENDED COMPLAINT

The third amended complaint suffers from many of the same defects as plaintiff's previously lodged complaints, including a failure to comply with Rule 8's requirement of a "short and plain statement" showing entitlement to relief.  Despite the court's previous admonishments, plaintiffs has named over twenty defendants, many of whom the court previously explained were immune from suit.  Moreover, the complaint again consists of lengthy, rambling and often vague factual allegations.[2]

In brief, plaintiff's claims arise out of state court criminal proceedings against her, which have now concluded in a dismissal without prejudice.  *See* Letter to Court, Doc. No. 13.  It appears that plaintiff was charged by the Yolo County District Attorney's Office with insurance fraud based on her receipt of disability benefits from her former employer's benefits plan while she continued to work under state and federal rehabilitative work programs.  Plaintiff seeks compensatory and punitive damages, and asks the court to, among other things, turn control of the Yolo County District Attorney's Office and the Yolo County Public Defender's Office over to the United States Department of Justice, and to order that repairs be made to the Yolo County jail.  *See* Third Amended Complaint ("TAC"), at 18:16-22.

Based on the allegations of the complaint, the factual connections to each defendant and the various causes are virtually indiscernible.  Plaintiff names the California Department of Insurance as a defendant, and appears to allege numerous claims against it, all stemming from its alleged involvement in the criminal proceedings initiated against her.  Although it is unclear from the complaint, it appears that plaintiff alleges that this state agency referred her case to the Yolo County District Attorney's Office for prosecution.  Regardless of which claims plaintiff seeks to allege against this defendant, it is immune from suit.

---

[2] The court previously ordered plaintiff to limit the amended complaint to twenty pages in length in an effort to limit the inclusion of lengthy and confusing factual allegations.  Although plaintiff's third amended complaint is nineteen pages in length, its density makes it equally difficult to screen as it is single-spaced and written in ten-point font.

1    The Eleventh Amendment is a jurisdictional bar to a citizen bringing suit against a state.

2    *Welch v. State Dept. of Highways and Pub. Transp.*, 483 U.S. 468 (1987).  State agencies are

3    immune from suit under the Eleventh Amendment.  *Penhurst State Sch. & Hosp. v. Halderman*,

4    465 U.S. 89, 100 (1984).  The California Department of Insurance is a state agency, and is

5    therefore immune from suit.[3]

6    In addition to naming this immune defendant, plaintiff again names several Yolo County

7    Superior Court judges and magistrates who were involved with the underlying state court

8    proceedings.  It is difficult to discern which of the many causes of action plaintiff means to

9    allege against these defendants, but it is clear that her allegations relate solely to their roles in

10   presiding over the state criminal proceedings against her.  The Supreme Court has held that

11   judges acting within the course and scope of their judicial duties are absolutely immune from

12   liability for damages under 42 U.S.C. § 1983.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mireles*

13   *v. Waco*, 502 U.S. 9, 9 (1991).  The immunity also applies in actions for declaratory, injunctive

14   and other equitable relief.  *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).  "This

15   immunity applies 'however erroneous the act may have been, and however injurious in its

16   consequences it may have proved to the plaintiff.'" *Moore*, 96 F.3d at 1244 (quoting *Cleavinger*

17   *v. Saxner*, 474 U.S. 193, 199-200 (1985)) (citations omitted).  Even "[g]rave procedural errors or

18   acts in excess of judicial authority do not deprive a judge of this immunity."  *Id.* (quoting

19   *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).  The court can discern no facts

20   alleged by plaintiff that would except the named judges from such immunity.

21   Similarly, plaintiff again names several individual attorneys from the Yolo County

22   District Attorney's office for their respective roles in the underlying state court prosecution.

23   Again, it is difficult to discern which of the many causes of action plaintiff wishes to allege

24

25   [3] Although plaintiff appears to name several Department of Insurance "Does" as
     defendants, her allegations are too vague to support a cause of action under the various theories
     of liability alleged.

26

4

against the prosecutor defendants, but to the extent she means to allege a cause of action under § 1983, her claims must fail. "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors are fully protected by absolute immunity when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello*, 413 F.3d at 976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case."). Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984). As discussed below, to the extent plaintiff seeks to allege *Monell* claims against policymakers in the Yolo County District Attorney's Officer, such a claim is unsupported by factual allegations and does not comply with Rule 8(a)(2).

Further, despite the court's previous admonishments, plaintiff again names several individual public defenders who were involved with her defense in the underlying state court proceedings. One basis for dismissing the original complaint was plaintiff's failure to state a claim under 42 U.S.C. § 1983 against various attorneys at the Yolo County Public Defender's Office, because a public defender is not a state actor within the meaning of § 1983. *Polk County v. Dobson*, 454 U.S. 312, 321 (1981). *See* Order, filed January 10, 2007, at 5:9-16. Although plaintiff may assert a § 1983 claim against the head of the Public Defender's Office for constitutional deprivations resulting from application of a governmental custom or policy, *Miranda v. Clark County*, 319 F.3d 465, 469 (9th Cir. 2003), she cannot state such a claim against the individual public defenders for their conduct in defending the charges against her. *Polk County*, 454 U.S. at 321. In the third amended complaint, it is no longer clear whether plaintiff wishes to proceed under § 1983 on her claims against the named Yolo County public

defenders, as she makes only a passing reference to this statute.  To the extent she does mean to allege a claim under § 1983 against the policymakers at the Yolo County Public Defender's Office, she fails to ground that claim in factual allegations sufficient for the court (or the named defendants) to discern what the claims are against those officials.  *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) ("Rule 8(a)(2) requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotations omitted).

In addition to the claims that plaintiff may or may not intend to assert under § 1983, plaintiff alleges claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973.  *See* TAC, at ¶¶ 62, 70. Again, it is unclear which of the twenty-plus defendants plaintiff means to name as defendants under these causes of action.  In any event, she fails to state a claim under either federal statute.

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability . . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794 (emphasis added).

To state a claim under § 504 of the Rehabilitation Act, a plaintiff must allege that: (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was *denied the benefits of the program solely by reason of her disability*; and (4) the program receives federal financial assistance.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (emphasis added).

To state a claim under Title II of the ADA, a plaintiff must allege that:  (1) he "is an individual with a disability; (2) he is *otherwise qualified to participate in or receive the benefit of some public entity's services*, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or

1   *was otherwise discriminated against by the public entity*; and (4) such exclusion, denial of

2   benefits, or *discrimination was by reason of [his] disability*."  *McGary v. City of Portland*, 386

3   F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002)

4   (emphasis added)).

5        Here, plaintiff appears to allege that the California Department of Insurance, the Yolo

6   County District Attorney's Office, and other defendants conspired to exclude her participation in

7   state and federally funded vocational rehabilitation programs by initiating the criminal

8   proceedings against her.  *See* TAC, ¶¶ 52-79.  Although she alleges that she is disabled, and that

9   she was entitled to participate in these programs, she also alleges that she was participating in

10  these rehabilitative programs *by virtue of her disability*.  TAC, at ¶¶ 52, 64.  Accordingly, she

11  does not allege that the government-funded rehabilitation programs excluded her by reason of

12  her disability.  Thus, plaintiff fails to state a claim under either statute.  Her alleged exclusion

13  from these rehabilitative programs was not by the entities that administered the programs, nor

14  does she allege that these entities excluded her on the basis of a disability.  Plaintiff does not

15  even name these entities as defendants.  Rather, she appears to name the District Attorney's

16  Office, the Department of Insurance, and others as defendants under these causes of action, but

17  does not allege that she was entitled to participate in or receive a benefit from any of *those*

18  entities.  Her ADA and Rehabilitation Act claims appear only to concern her alleged inability to

19  participate in the occupational rehabilitation programs.  Plaintiff misinterprets the purpose of

20  these statutes and has not alleged sufficient facts to plead a cause of action against any named

21  defendant under either.

22        Next, the court addresses plaintiff's other ill-plead causes of action.  She includes in the

23  third amended complaint claims for "libel and defamation of character," "conspiracy to obstruct

24  justice," "negligence in training and supervising and discipline," "gross incompetence/deliberate

25  indifference," and "cruel and unusual punishment," among others.  Again, it is unclear whether

26  or not plaintiff intends to assert these claims under § 1983 or pursuant to some other statute or

7

1  right.  Moreover, it is unclear which defendants she means to connect with each claim.  The

2  same is true for the balance of plaintiff's claims, including state law claims for intentional

3  infliction of emotional distress.  As such, the third amended complaint fails to comply with Rule

4  8(a)(2) of the Federal Rules of Civil Procedure and should be dismissed.

5         Although pro se pleadings are liberally construed, s*ee Haines v. Kerner*, 404 U.S. 519,

6  520-21 (1972), persons proceeding *in propria persona* are nonetheless obligated to comply with

7  the Federal Rules of Civil Procedure, including Rule 8.  Rule 8(a)(2) "requires a complaint to

8  include a short and plain statement of the claim showing that the pleader is entitled to relief, in

9  order to give the defendant fair notice of what the claim is and the grounds upon which it rests."

10 *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v.*

11 *Gibson*, 355 U.S. 41 (1957)).  "[A] plaintiff's obligation to provide the 'grounds' of his

12 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a

13 cause of action's elements will not do.  Factual allegations must be enough to raise a right to

14 relief above the speculative level on the assumption that all of the complaint's allegations are

15 true."  *Id.* (citations omitted).  Even if the factual elements of the causes of action are present, but

16 are scattered throughout the complaint and not organized into a "short and plain statement of the

17 claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry*, 84 F.3d at 1178.

18        Here, plaintiff's third amended complaint fails to include a "short and plain statement

19 showing entitlement to relief" and fails to give the twenty-plus named defendants fair notice of

20 the claims asserted against them and the grounds upon which such claims rest.  The third

21 amended complaint illustrates the "unfair burdens" imposed by complaints, "prolix in

22 evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the

23 essential functions of a complaint."  *McHenry*, 84 F.3d at 1179-80.

24        This court has granted plaintiff several opportunities to file a cogent complaint that

25 complies with Rule 8, but she has repeatedly failed to do so.  Although the court has been careful

26 to construe her allegations liberally, it is not required to sort through her dense pleadings and

1 construct her case for her.  "As the Seventh Circuit observed in its now familiar maxim, 'judges

2 are not like pigs, hunting for truffles buried in briefs.'" *Indep. Towers of Wash. v. Washington*,

3 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.

4 1991)).  Furthermore, it has never been the court's function "to supervise laymen in the practice

5 of law." *Springer v. Best*, 264 F.2d 24, 25 (9th Cir. 1959)  The Ninth Circuit explicitly has

6 warned against "becoming a player in the adversary process rather than remaining its referee."

7 *Jacobsen v. Filler*, 790 F.2d 1362, 1365 (9th Cir. 1986) ("[I]t is not for the trial court to inject

8 itself into the adversary process on behalf of one class of litigant").  Moreover, a "pro se litigant

9 is not excused from knowing the most basic pleading requirements." *American Ass'n of*

10 *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (citing *Briones v.*

11 *Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997)).  The court has repeatedly

12 admonished plaintiff regarding the requirements of Rule 8, and any further opportunities to

13 correct the pleading deficiencies would be an inappropriate use of judicial resources and would

14 constitute improper supervision over her claims.  Plaintiff was cautioned that a failure to comply

15 with Rule 8 would result in a recommendation that the action be dismissed.  Having again failed

16 to comply with this court's orders and the Federal Rules of Civil Procedure, the court

17 recommends that plaintiff's third amended complaint be dismissed without further leave to

18 amend.  *See* Local Rule 11-110.

19 **III.  CONCLUSION**

20      In accordance with the foregoing, IT IS RECOMMEND that:

21      1.  Plaintiff's third amended complaint be dismissed without further leave to amend; and,

22      2.  This action be dismissed and the Clerk be directed to close this case.

23      These findings and recommendations are submitted to the United States District Judge

24 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

25 days after being served with these findings and recommendations, any party may file written

26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2   shall be served and filed within ten (10) days after service of the objections.  The parties are

3   advised that failure to file objections within the specified time may waive the right to appeal the

4   District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

5   951 F.2d 1153, 1157 (9th Cir. 1991).

6   DATED:  November 5, 2007.

7

8                  EDMUND F. BRENNAN
                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26